UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VICTORIA SEIFRIED,**

 **Plaintiff,**

vs.

**OGLETHORPE, INC. d/b/a
SPRINGBROOK HOSPITAL and
BROOKSVILLE PROPERTY
RESOURCES, INC.**

 **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Victoria Seifried ("Plaintiff" or "Seifried"), by and through her undersigned attorneys, sues the defendants, Oglethorpe, Inc. d/b/a Springbrook Hospital and Brooksville Property Resources, Inc., (collectively "Springbrook" or "Defendants") and alleges as follows.

### JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court in accordance with 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because

Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A".

5. More than 180 days has passed since the filing of the Charge of Discrimination.

## PARTIES

6. Plaintiff resides in Hernando County, Florida.

7. Defendant Oglethorpe, Inc. d/b/a Springbrook Hospital is a Florida Profit Corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hernando County.

8. Defendant Brooksville Property Resources, Inc. is a Florida Profit Corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hernando County.

9. Defendant Oglethorpe, Inc. d/b/a Springbrook Hospital and Brooksville Property Resources are affiliated entities and served as Plaintiff's joint

employer and an integrated enterprise.

10. At all times material, Seifried was an employee of the Defendants within the meaning of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

12. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

13. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTS

15. Springbrook is a 66-bed inpatient mental health facility located in Hernando County, Florida.

16. In February of 2019, Springbrook hired Seifried as a Case Manager. As a Case Manager, Seifried was responsible for doing patient intake assessments, dealing with patient placement and discharge issues, and overseeing the care of those Springbrook patients assigned to her.

17. In or around February 2020, Seifried was diagnosed with a serious and qualifying disability under the FMLA.

18. In April 2020, Springbrook placed Seifried on furlough status in response to the Covid-19 pandemic. At that time, Seifried had already notified Springbrook of her serious medical condition and her need for surgery in the near future.

19. On July 24, 2020, Seifried was scheduled to have pre-op blood work performed for an upcoming July 28, 2020 surgery.

20. The day before that pre-op appointment, Seifried's health care provider notified her that while verifying her benefits, it had learned that the health insurance policy that she had previously obtained through Springbrook was canceled.

21. Seifried immediately contacted the Springbrook human resource department to advise them of the situation and to determine why her health care provider stated that her policy was canceled.

22. Shortly thereafter, Seifried received a certified letter in the mail containing Cobra paperwork related to continuing her health care coverage following her employment. The letter from Springbrook was dated the same day as Seifried's call to human resources.

Case 8:21-cv-02331-WFJ-AEP   Document 1   Filed 10/04/21   Page 5 of 9 PageID 5

23. Springbrook never offered Seifried the opportunity to return to work from furlough status, despite bringing back her co-workers.

24. At no time did Springbrook ever offer Seifried FMLA leave or notify of her rights under that statute.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

25. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 24.

26. Defendants' actions interfered with Plaintiff's lawful exercise of her FMLA rights.

27. Defendants' actions constitute violations of the FMLA.

28. As a result of Defendants' unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages including back pay and benefits; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT II
## FAMILY MEDICAL LEAVE ACT - DISCRIMINATION

29. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 24.

30. Defendants discriminated against Plaintiff on account of her FMLA rights.

5

31. Defendants' actions constitute violations of the FMLA.

32. As a result of Defendants' actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages including back pay and benefits; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

33. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 24.

34. As described above, Plaintiff has a disability, and/or the Defendants perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq.*, *Florida Statutes.*

35. By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

36. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      e.     Punitive Damages

      f.     Pecuniary and non-pecuniary losses;

      g.     Attorney's fees and costs; and

      h.     For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

37. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 24.

38. As described above, Plaintiff has a disability, and/or the Defendants perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

39. By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and retaliated against Plaintiff because of her disability and/or perceived disability.

40. As a result of Defendants' unlawful conduct, Plaintiff has suffered and

continues to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.    Punitive Damages

    f.    Pecuniary and non-pecuniary losses;

    g.    Attorney's fees and costs; and

    h.    For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendants for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 4th day of October 2021.

    FLORIN GRAY BOUZAS OWENS, LLC

    /s/ *Scott L. Terry*
    Scott L. Terry
    Florida Bar No.: 77105
    sterry@fgbolaw.com
    Wolfgang M. Florin
    Florida Bar No. 907804

                               wolfgang@fgbolaw.com
                               16524 Pointe Village Drive, Suite 100
                               Lutz, FL 33558
                               Telephone (727) 254-5255
                               Facsimile (727) 483-7942
                               Attorneys for Plaintiff